Johnson J.
delivered the opinion of the Court— This question was decided in Deloach exor. v. Yeoman and wife, at the last sittings in Charleston, and I have an imperfect recollection of another case which occurred in this Court some years since ; and. which I think was brought up from Newberry District, in which the same point was ruled.
The note on which this action was brought, contains an express promise by defendant to pay. to plaintiff on-a day certain, the sum specified, which is expressed to be for value received, and I take it that the defendant is bound to perform this contract unless he can shew that it was without consideration or against law.
The plaintiff is described in the note as the ex’or. of Right Bass, and the proof is, that defendant was also one of his ex’ors. and that the note was given for funds in his hands belonging to the estate, or for a debt due by him to the estate, and that he, defendant, had not settled his accounts with the Ordinary, and hence it is want to be concluded that there was *6 110 consideration for the note, because it is said that the defendant has the same right to the possession of the funds that the plaintiff has. This in point of law is unquestionably correct; they are equally entitled to the possession of the funds of the estate, but it does not follow that even the partition of the fund itself between them may not be the subject of contract. — ■ Suppose the whole funds of an estate in the hands of one of two ex’ors. the other according to the rule is equally entitled to them. He has too, an equal right to share the profits arising from the commissions for administration of the estate, and this of itself is a sufficient consideration for a contract between them for a partition of the fund. Again, suppose they make partition of the funds between themselves, and one in consideration that the other will lend him a part of the funds in his hands, promises to pay. Is not this a sufficient consideration for the promise ? so if one of two ex’ors. be in advance to the estate, and the other has funds in his hands, will he not be bound by a promise to pay ? These and many other circumstances which might be mentioned, shew abundantly, that a contract between joint ex’ors. concerning the funds of an estate, may have a rightful and legal consideration; consequently that a contract between them is •not necessarily void. If the defendant had been able to shew that he had settled his accounts and was in advance to the estate, and that plaintiff had funds in his hands, then I incline to think he would not have been liable, that in effect would have proved a failure •of consideration, but this is not pretended.

Nonsuit set aside and new Trial granted*